IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11269
Conference Calendar
_____

DAVID GONZALES,

Plaintiff-Appellant,

versus

KEVIN MOORE, Riot Team Sergeant; NFN COMPTON, Disciplinary
Captain; R. CHANDLER, Correctional Officer III; G. SARGENT,
Correctional Officer III; D. ATNIP, Correctional Officer III;
BEN BROWN, Regional Director; C.A. RAINS, Assistant Warden;
P. DALTON, Riot Team Captain; R. DREWERY, Senior Warden;
T. SULLIVAN, Riot Team Sergeant; R. CASTANEDA, Correctional
Officer III; M. ROACH, Correctional Officer III; H. DAVILA,
Correctional Officer III; J. COLLIVER, Correctional Officer
III; NFN MCQUADE, Correctional Officer III; W. KNIGHT, Major
of Internal Affairs Division; C. BENIVEDEZ, Correctional
Officer III,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-100
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judge.

PER CURIAM:*

We construe the appeal of David Gonzales (TDCJ # 869900) as

a motion for leave to proceed in forma pauperis (IFP) on appeal

in order to challenge the district court's certification that the

appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d

---

   *   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

197, 202 (5th Cir. 1997). We note that Gonzales did not timely appeal the district court's order dismissing his complaint. His appeal was timely <u>only</u> with respect to the court's denial of the motion for reconsideration.

Gonzales has not shown that the district court's denial of his motion for reconsideration was so unwarranted as to constitute an abuse of discretion. <u>See</u> <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 402 (5th Cir. 1981). Accordingly, his appeal does not present a nonfrivolous issue, and the motion to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. <u>See</u> <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; STRIKE WARNING ISSUED.